## WICKER v. METROPOLITAN LIFE INS. CO. OF NEW YORK.

### No. 1969.

Court of Appeal of Louisiana. First Circuit.

#### Feb. 15, 1939.

Charles J. Mundy, of New Orleans, for appellant.

Spencer, Phelps, Dunbar & Marks and Louis B. Claverie, all of New Orleans, for appellee.

DORE, Judge.

On a former appeal to this court, the judgment in this case was reversed and set aside and the case remanded to the lower court for the purpose of receiving in evidence certain documents which had been annexed to the motion to remand which had been filed in this court, and also "for the introduction and reception of such additional evidence by either side as the trial court may deem proper and relevant to a correct disposition of the cause." See 172 So. 879, 881.

On the remand, the lower court reopened the case for the purposes stated in our decree, and, after trial and submission on briefs, rendered judgment in favor of the plaintiff and against the defendant in the sum of $510 with legal interest from May 22, 1935, and for all costs of the suit.

On the original hearing the lower court had denied plaintiff recovery on the two policies of insurance sued on, on the ground that both had lapsed. On the hearing on remand the lower court became convinced that only one of the policies had lapsed, and that on the other policy, of the face value of $510, there was sufficient reserve to carry it as extended insurance beyond the date of the death of the insured, and accordingly rendered the judgment as stated hereinabove.

On November 2, 1937, an application for rehearing was refused. On November 15, 1937, on her own motion, plaintiff was permitted to enter a remittitur in the sum of $19.43 "thus", as expressed in the motion itself, "reducing the said judgment to the full sum of Four Hundred Nine & 57/100 ($490.57) Dollars" with interest and costs.

On December 27, 1937, a joint motion by counsel for both parties was presented to the District Court stipulating that by agreement "the two policies sued on in the above numbered and entitled cause, and on which judgment has been rendered by the Court, shall be returned to the plaintiff without the necessity of filing in the record a certified copy of said policies." The agreement itself specifically provides that it "shall not be considered as changing or altering anything that has been done in said cause but is merely for the purpose of permitting the plaintiff to withdraw said policies." On January 3, 1938, the district judge signed an order permitting plaintiff to withdraw the policies in accordance with the motion.

On June 7, 1938, on motion of plaintiff, appearing through a new counsel, the present counsel representing her on this appeal, an order was granted permitting withdrawal of the record for a period of twenty days for the purpose of examination thereof.

On August 13, 1938, plaintiff filed a motion for a devolutive appeal wherein she averred "that on the 8th day of October, 1937, a *final judgment* was rendered in this cause, granting to and unto petitioner a judgment for $510.00 with interest etc., * * * *which judgment was finally settled by defendant paying the same*" and wherein she contended that the final judgment passed on one of the policies, but was silent and did not pass on her claim on the other policy, "although the matter is discussed at some length in the 'Reasons for Judgment'". In accordance with the motion, on August 17, 1938, the trial judge granted an order for the devolutive appeal to this court.

Counsel for defendant-appellee has filed a motion in this court to dismiss the appeal alleging that, after the judgment had been rendered and signed, a compromise settle-

ment of the said judgment was reached between the plaintiff and defendant wherein defendant agreed to pay the sum of $490.57, with legal interest from May 22, 1935, until paid, and the costs, and the plaintiff agreed to accept the same as a full compromise and settlement of her claims; that, in pursuance thereto, defendant delivered unto plaintiff and her then attorneys, a check dated November 10, 1937, numbered B–2250225, payable to the order of plaintiff and her attorneys, for the sum of $550.-57, being the amount of the judgment, interest and costs, less the remittitur by plaintiff of $19.43; that the check referred to the policies, the basis of the suit, and contained the endorsement that the payees acknowledged payment, and released the defendant from all claims under the policies designated; that the same was cashed by the plaintiff and her attorneys; that upon delivery of the said check, the plaintiff-appellant executed a release in favor of the defendant-appellee wherein the said defendant was fully released and discharged from any and all obligations arising out of the two said policies; that it received a certificate from the Clerk of the District Court for the Parish of Washington showing that the judgment had been cancelled and marked "satisfied". Defendant-appellee has annexed and made a part of this motion photostatic copies of the said check, release and certificate of the Clerk of Court.

In the alternative, defendant-appellee prays that the cause be remanded to the District Court for the Parish of Washington so that evidence may be adduced before said court to show the compromise of the policies at issue in the suit, of the cause of action therein set forth, and of the judgment therein rendered, and the acquiescence of plaintiff-appellant in and to the said judgment and compromise.

On oral argument before this court counsel for the plaintiff-appellant disclaimed any knowledge whatever of the alleged compromise and payment, and of the release given by plaintiff and of the certificate of cancellation of the judgment.

Since the case has been argued counsel has filed a motion on behalf of the plaintiff and appellant, asking that the case be remanded to the District Court in order to give all parties an equal opportunity to present before that court whatever evidence they may have relating to the settlement of the judgment, as well as for the purpose of having the court determine any issue involved on the validity of the other policy of insurance which had been sued on. This motion is supported by an affidavit of the plaintiff and also a short statement signed by former counsel who appeared as her attorney in the former trial.

The motion to dismiss is sworn to by reputable counsel. Without discussing the sufficiency of the evidence in the record to sustain the motion, and in view of the fact that both parties may be said to have asked for it, we will remand the matter to the District Court in order that evidence may be adduced with reference to the alleged compromise, settlement, release and acquiescence in the said judgment by plaintiff-appellant.

It is therefore ordered, adjudged and decreed that the cause be and it is hereby remanded to the District Court for the Parish of Washington with instructions that evidence be taken relative to the compromise, settlement, release and acquiescence in the said judgment by plaintiff-appellant, and no further, the record in the case to be thereafter transmitted to this court, which retains this appeal pending action of the District Court as above set forth.