## WICKER v. METROPOLITAN LIFE INS. CO. OF NEW YORK.

No. 1969.

Court of Appeal of Louisiana. First Circuit.
June 6, 1939.

On Application for Rehearing June 30, 1939.

Chas. J. Mundy, of New Orleans, for appellant.

Spencer, Phelps, Dunbar & Marks and Louis B. Claverie, all of New Orleans, for appellee.

DORE, Judge.

This cause was remanded by us for the purpose of introducing evidence relative to the compromise, settlement, release and acquiescence in the judgment by the plaintiff, appellant herein, "and no further", with instructions to transmit such evidence to us. The case, in so far as the motion to dismiss is concerned, is fully stated in our opinion reported in 186 So. 398. In accordance with our instructions, evidence was taken before the district judge in open court and has been transmitted to us.

This evidence consists of the documents referred to in our last opinion, together with the testimony of Mr. Talley, associate counsel for defendant, that of Mr. Miller and of Mr. Varnado, who represented the plaintiff as her attorneys in the suit, and that of Mr. Claverie of counsel for defendant. These witnesses all testified on behalf of the defendant in support of the motion to dismiss the appeal. In opposition thereto, plaintiff testified on her own behalf, as did her present counsel, Mr. Mundy.

The documents to which we referred in our former opinion; that is, the release and the check in payment of the judgment, together with the cancellation of the judgment by the clerk of the court, have been abundantly proven to have been executed, endorsed and authorized by the plaintiff, with full information and knowledge of what she was doing—that is, the giving unto defendant a full release of any claims which she may have had arising out of the two policies, the basis of this suit.

We may say that we were guided a great deal in the remand of the case by the statement of Mr. Varnado, a former attorney of plaintiff, annexed to plaintiff's motion to remand in answer to defendant's motion to dismiss, to the effect that plaintiff had only granted a receipt for one policy and no further. But we now find that Mr. Varnado's testimony is the strongest in support of the signing of the receipt and the endorsement of the check which clearly show acquiescence in the judgment and a discharge and settlement of both policies.

Plaintiff, in her testimony, maintains that the release and the endorsement of the check were not read to her; and that if the same was to affect the two policies, then she had been imposed upon. Yet, she was represented by two reputable attorneys who are positive that they both read the release and the check, and one of them read the same to plaintiff, their client. We would have to disregard their testimony to believe plaintiff. Plaintiff, besides being represented by these attorneys, had a colored friend by the name of Turner who was also present, and, according to her own testimony, this friend also read the release. She failed to produce Turner as a witness, and it must be presumed that, if presented, he would have failed to corroborate her testimony to the effect that the same had not been read to her. However, suffice it to say that she signed the release in the presence of her two attorneys and a friend, and is bound thereby.

Being firmly convinced that plaintiff has acquiesced in the judgment, the appeal herein is dismissed at her cost.

## On Application for Rehearing.

PER CURIAM.

Rehearing granted and appeal reinstated.

It is now ordered that Mrs. Minnie Hamilton Cowgill, widow of Howard J. Cowgill, deceased, appear within thirty days from this date, and that she comply within the said thirty days with the order of this Court, of date May 4th, 1939; otherwise, the appeal to stand as finally dismissed.

OTT, J., not participating.